UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE MASON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:09CV323 JCH |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Willie Mason's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On April 7, 2005, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of forcible sodomy, and one count of forcible rape. Petitioner was sentenced as a persistent sexual offender and prior and persistent felony offender to concurrent terms of life imprisonment without the possibility of probation or parole. Petitioner's convictions and sentence were affirmed on appeal. State v. Mason, 190 S.W.3d 557 (Mo. App. 2006). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. F). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Mason v. State, 251 S.W.3d 379 (Mo. App. 2008).

Petitioner is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two claims for relief:

(1) That the evidence at trial was insufficient to support Petitioner's conviction for forcible rape, as the State failed to prove penetration beyond a reasonable

doubt; and

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel coerced Petitioner into giving up his right to testify on his own behalf.

(§ 2254 Petition, PP. 6-7). The Court will address the claims in turn.

## **DISCUSSION**

### I. **Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the evidence at trial was insufficient to support his conviction for forcible rape, as the State failed to prove penetration beyond a reasonable doubt. (§ 2254 Petition, P. 6). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> In considering whether the evidence is sufficient to support the jury's verdict, we must look to the elements of the crime and consider each in turn to determine whether a reasonable juror could find each of the elements beyond a reasonable doubt. State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993) (*citing* State v. Dulany, 781 S.W.2d 52, 55 (Mo. banc 1989)). Therefore, under the Dulany standard, we are required to take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence, disregarding all contrary inferences. Dulany, 781 S.W.2d at 55. While reasonable inferences may be drawn from direct and circumstantial evidence, "the inferences must be logical, reasonable and drawn from established fact." State v. Presberry, 128 S.W.3d 80, 90 (Mo. App. E.D. 2003) (*quoting* State v. West, 21 S.W.3d 59, 62-63 (Mo. App. W.D. 2000)). "In considering the sufficiency of the evidence, there must be sufficient evidence of each element of the offense." State v. Dixon, 70 S.W.3d 540, 544 (Mo. App. W.D. 2002).
>
> Section 566.030.1 states: "A person commits the crime of forcible rape if such person has sexual intercourse with another person by the use of forcible compulsion." Section 566.010(4) defines "sexual intercourse" as "any penetration, however slight, of the female sex organ by the male sex organ...." The female sexual organs include a woman's vulva and external genitals. State v. Dunn, 7 S.W.3d 427, 430 (Mo. App. W.D. 1999). Penetration may be proven by direct or circumstantial evidence. State v. Hill, 808 S.W.2d 882, 890 (Mo. App. E.D. 1991). Evidence of even the slightest penetration will be sufficient to sustain a rape conviction. Id. Further, proof of ejaculation is not essential to establishing rape or sodomy. State v. Nelson, 818 S.W.2d 285, 290 (Mo. App. E.D. 1991); Section 566.010(4).

Defendant[1] argues the victim denied he penetrated her vagina on cross-examination. Additionally, Defendant focuses on the fact that he recently had prostate surgery, and therefore, was impotent, as evidenced by the lack of semen found on the victim or her clothing.

As a general rule, "the victim's testimony alone will sustain a conviction even if uncorroborated." State v. Kuhlenberg, 981 S.W.2d 617, 621 (Mo. App. E.D. 1998) (*quoting* State v. Graham, 906 S.W.2d 771, 778 (Mo. App. W.D. 1995)). However, the "corroboration rule" serves as an exception to this rule. Id. "This rule applies when the victim's trial testimony is so contradictory and in conflict with the physical facts, surrounding circumstances and common experience, that its validity is rendered doubtful such that corroboration of the victim's testimony is required to sustain the conviction." Id. However, unless there are major inconsistencies and contradictions in the victim's testimony, her credibility is a matter for the jury to determine. Hill, 808 S.W.2d at 890.

Our review of the transcript reveals the victim testified extensively with respect to penetration during the course of the rape. On direct examination, the following exchanges occurred:

> [The victim]: He was just trying to put his penis inside of me.
> [The State]: Now when you say he was trying to put his penis inside of you, what do you mean by that?
> [The victim]: Well, he was putting it in, but it wasn't erected. I guess that's what you call it. It wasn't hard.
> [The State]: It wasn't hard?
> [The victim]: No.
> [The State]: What part, what part of your body did his penis touch?
> [The victim]: The vagina.
> [The State]: Okay. Now you said that he was putting it in. Did it go inside your vagina, inside your genitals at all?
> [The victim]: It went inside, but like I said it wasn't hard.
> \*\*\*
> [The State]: You said that he was forcing you to put his penis inside of you?
> [The victim]: Yes.
> [The State]: Did his penis penetrate you at all?
> [The victim]: It touched the skin, the inside of my skin.
> [The State]: And by your skin you mean the inside of the skin of your vagina?
> [The victim]: Yes.

---

[1] Petitioner is referred to as "Defendant" by the Missouri Court of Appeals.

During cross-examination, the victim testified as follows:

> [Defense counsel]: Now at some point you indicated that he got on top of you, is that right?
> [The victim]: Yes.
> [Defense counsel]: And he tried to force himself into you?
> [The victim]: Yes.
> [Defense counsel]: But you said that he did not have an erection, is that right?
> [The victim]: That's correct.
> ***
> [Defense counsel]: And, again, after that you said that he put you on the bed and got on top of you?
> [The victim]: Yes.
> [Defense counsel]: And he tried to get inside, right?
> [The victim]: Yes.
> [Defense counsel]: But you said that he did not have an erection, right?
> [The victim]: Right.
> [Defense counsel]: And he could not penetrate you?
> [The victim]: Right.
> [Defense counsel]: Now was that the only time that he tried to penetrate you was on the bed?
> [The victim]: Yes. It is.
> ***
> [Defense counsel]: Now you said that he did not penetrate you, right?
> [The victim]: Right.
> [Defense counsel]: And he did not have an ejection, [sic] right?
> [The victim]: He didn't have an erection, but he did put his penis--it touched the inside of my vagina.
> [Defense counsel]: It touched the inside?
> [The victim]: Yes.
> [Defense counsel]: Now you're saying the doctors told you because he touched the inside it somehow did some damage internally?
> [The victim]: Well, it just flared up the problems. The problems that I had, it just made it worser [sic].
> [Defense counsel]: But you said that he did not penetrate you, he just touched you or touched the inside?
> [The victim]: He put his penis inside of my vagina, okay?
> [Defense counsel]: Okay. But it was a limp penis, right?
> [The victim]: Yes.

While the victim stated repeatedly that Defendant was unable to

- 4 -

maintain an erection, and as a result, did not ejaculate, she made it clear on direct and cross-examination that his penis did penetrate her vagina, however slight. This is sufficient evidence to prove penetration. *See* Dunn, 7 S.W.3d at 430 (victim's testimony that she could not tell how far the defendant's penis penetrated was sufficient to prove penetration); Hill, 808 S.W.2d at 890 (penetration proven by victim's testimony that the defendant's penis entered her vagina "just a little").

We acknowledge the victim stated in layman's terms that Defendant did not penetrate her vagina. However, the victim's testimony was not so inherently contradictory or inconsistent so as to be unsubstantiated. Further, her credibility was a matter for the jury to determine. Here, we find the victim's testimony was sufficient to sustain the conviction for forcible rape. Point denied.

(Respondent's Exh. E, PP. 2-7).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court holds the Missouri State Court's ruling was not contrary to federal law. See Miller v. Lock, 108 F.3d 868, 870 (8th Cir. 1997) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) ("In determining the sufficiency of evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"). Furthermore, this Court's review of the record

reveals the State Court's finding was not based on an unreasonable determination of the facts in light of the evidence presented. The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 1 of Petitioner's petition must be denied.

## II.   Ground 2

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel coerced Petitioner into giving up his right to testify on his own behalf. (§2254 Petition, P. 7). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> Movant[2] has alleged one point in his amended motion of ineffective assistance of counsel because counsel failed to inform movant that it was his ultimate decision whether to take the witness stand in his own defense. Movant sets forth in his amended motion the transcript questions of the judge where she asked movant about the fact that he wasn't testifying. Movant stated, under oath, unequivocally that it was his decision not to testify, that his lawyer didn't force him or tell him that he couldn't testify, and that he made the decision of his own free will. So the record shows that [] movant made the decision and that he wasn't coerced into doing so. He made the decision so it is irrelevant if his counsel told him it was his "ultimate" decision.
>
> In addition, movant has shown no prejudice. In fact, he had six prior convictions, which included false imprisonment from 1995, a forcible rape from 1976, sexual intercourse with a minor from 1975, and robbery first degree from 1980. All of these convictions would have been shown to the jury if he had testified.

(Resp. Exh. F, PP. 32-33). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> Defendant was charged with the forcible rape and sodomy of Ms. Shinault. Prior to trial, Defendant claims he advised his trial counsel that he wanted to testify in his defense. However, trial counsel advised that he did not believe Defendant should testify because: (1) Defendant had six prior convictions, including forcible rape, sexual intercourse with a minor and robbery and; (2) Defendant's testimony would not help his defense. At trial,

---

[2] Petitioner is referred to as "Movant" by the post-conviction motion court.

the trial court examined Defendant about his decision not to testify as follows:

> THE COURT: Is your name Willie Mason?
> DEFENDANT: Yes, ma'am.
> THE COURT: And you're the defendant in this case, is that right?
> DEFENDANT: That's right.
> THE COURT: And your lawyer just called your sister in your defense and then he announced to the Court that the defense was resting. So you're not going to testify in this case, is that right?
> DEFENDANT: Yes, Ma'am.
> THE COURT: And who made the decision that you weren't going to testify?
> DEFENDANT: I did.
> THE COURT: And you talked to your lawyer about this, is that right?
> DEFENDANT: Yes Ma'am.
> THE COURT: Did he force you and tell you that you can't testify in this matter?
> DEFENDANT: No, Ma'am.
> THE COURT: Have you made this decision of your own decision and of your own free will?
> DEFENDANT: Yes, Ma'am.
> THE COURT: Okay. That concludes that part of the hearing. Thank you very much. We're off the record then.....

In his sole point, Defendant argues that the motion court erred in denying his motion for post-conviction relief without an evidentiary hearing because he alleged facts that warranted relief and were not refuted by the record. More specifically, Defendant claims that his trial counsel failed to inform him that it was Defendant's ultimate decision whether to take the witness stand in his own defense. He additionally contends that his trial counsel told him that he could not testify because the jury would learn of his prior convictions. The State responds that: (1) Defendant's claim that his trial counsel told him that he "could not" testify was refuted by the record, and (2) he failed to plead facts showing prejudice.

We agree that Defendant's claim that his trial counsel told him that he could not testify is refuted by the record. The trial court directly questioned Defendant about his decision not to testify. Defendant's answers to those questions establish that trial counsel did not forbid Defendant from testifying. Indeed, Defendant assured the trial court that he had personally made the decision not to testify, of his own free will, without a mandate from his attorney that he could not do so.

Defendant also argues that he only told the trial court that he made the decision not to testify of his own free will because he believed that he had to

> follow the advice and direction of his attorney and did not understand that the reason the trial court was asking him those questions was to give him an opportunity to tell the trial court that he wanted to testify at his trial. Had he understood this, Defendant contends, he would have testified and said that he did not forcibly rape and sodomize Ms. Shinault because he was not at her home when the sexual assault occurred. Additionally, he would have testified that just three weeks before the alleged incident occurred, he had prostate surgery, and, as a result, was suffering from ongoing medical complications at the time which would have made it impossible for him to be in the physical condition necessary to struggle with and beat up Ms. Shinault as she claimed.
>
> Even if this Court were to conclude that Defendant's trial counsel was ineffective for failing to adequately instruct him with respect to his right to testify, Defendant has failed to plead facts showing that he was prejudiced by his attorney's conduct. The State convincingly established that Defendant forcibly raped and sodomized Ms. Shinault. There was no dispute that Defendant had previously worked for Ms. Shinault and she could identify him. Additionally, there was very strong physical evidence to corroborate Ms. Shinault's testimony, including that Defendant was in Ms. Shinault's home on the night in question. First, DNA testing confirmed that Ms. Shinault's blood was on Defendant's underwear. Second, Defendant's wallet and hat were found beneath a pile of clothing in Ms. Shinault's bedroom. Thus, it is unlikely that Defendant's denial would have altered the outcome of the trial. In addition, although Defendant alleges that he would have testified that he was not in the physical condition necessary to assault Ms. Shinault due to his recent prostate surgery, his testimony most likely would have served only to further corroborate Ms. Shinault's testimony. Ms. Shinault testified that Defendant could not maintain an erection, evidence consistent with the physical problem he claimed to have. Finally, if Defendant had testified, his multiple prior convictions would have been admitted into evidence. These convictions, for crimes including forcible rape, intercourse with a child, robbery, and false imprisonment, would have likely severely undermined Defendant's credibility. Point denied.

(Respondent's Exh. I, PP. 3-7).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the Strickland test. With respect to deficient performance, as noted above the trial court questioned Petitioner extensively regarding his decision not to testify on his own behalf. Petitioner assured the Court that it was his decision not to testify, that he made the decision of his own free will, and that his attorney did not force him into giving up his right to testify. The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621,

1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Petitioner's own sworn testimony demonstrates he voluntarily relinquished his right to testify on his own behalf.

With respect to the prejudice prong of the Strickland test, this Court finds Petitioner fails to prove there exists a reasonable probability that, but for counsel's allegedly unprofessional error, the result of the proceeding would have been different. Rather, as noted by the Missouri Court of Appeals, there was ample evidence presented at trial that Petitioner forcibly raped and sodomized the victim. Furthermore, it is undisputed that had Petitioner elected to testify, his multiple prior convictions for crimes including forcible rape would have been admitted into evidence, thereby severely undermining his credibility. This Court thus finds Petitioner fails to establish a reasonable probability that, had he testified in his own defense, the result of the trial would have been different. Ground 2 must therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 15th day of December, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE